■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD MOYE, Appellant. [834 NYS2d 657]—Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered July 15, 2006, convicting defendant, after a jury trial, of criminal mischief in the second degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously modified, on the law, to the extent of reducing the conviction to criminal mischief in the third degree and remanding the matter for resentencing, and otherwise affirmed.

Although the evidence sufficiently established a reasonable value of damage caused by defendant in excess of $250 (Penal Law § 145.05 [2]), it was legally insufficient to establish, beyond a reasonable doubt, damage in excess of $1,500 (Penal Law § 145.10). Concur—Andrias, J.P., Saxe, Williams, Gonzalez and Kavanagh, JJ.

■ MARIO RODRIGUEZ, JR., et al., Appellants-Respondents, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent-Appellant. [834 NYS2d 658]—

Order, Supreme Court, New York County (Stanley L. Sklar, J.), entered March 16, 2006, which granted defendant's motion to set aside a jury verdict to the extent of directing a new trial on the issue of damages sustained by the infant plaintiff as a result of an improper circumcision, unless plaintiffs stipulated to a reduction of the verdict from $500,000 to $150,000 for past pain and suffering and from $1 million to $225,000 for future pain and suffering, unanimously modified, on the facts, the conditional award for future pain and suffering increased to $500,000, and otherwise affirmed, without costs.

The trial court properly found that the award for this injury materially deviated from reasonable compensation (*see* CPLR 5501 [c]). However, its conditional reduction for future pain and suffering was excessive to the extent indicated (*English v Fischman*, 266 AD2d 6 [1999], *lv denied* 94 NY2d 760 [2000]). Concur—Andrias, J.P., Saxe, Williams, Gonzalez and Kavanagh, JJ.